Good morning, everyone. Please be seated. Madam Clerk, please call the first case. 14-080, Senator McCullough, reporting to Paragraph 37-3, malicious migration. Would the attorneys arguing the case please approach the bench. Identify yourselves and inform the court how much time you would like to have for your arguments. Your Honors, my name is Carl Mott. I'm with the Office of the State Appellate Defender. On behalf of Michael Smith, I anticipate 10 to 15 minutes for argument and the rest for rebuttal, please. Very good. Good morning, Your Honors. Assistant State's Attorney Alan Spellberg representing the people of the State of Illinois. Likewise, approximately 10 to 15 minutes for response. Very good. Thank you. Mr. Munt. And may it please the Court. Your Honors, in this case, it is undisputed that Michael Smith has an illegally high unauthorized extended term sentence. He asks this Court to vacate the statute. Is it illegal or unauthorized? It's both, Your Honor. It's unauthorized because it's outside the statute. The statute that determines when a person may be eligible for extended term sentence dictates certain factors that must be found by the trial court. In this case, the trial court found none of those factors. Therefore, he's not statutorily authorized to impose an extended term sentence. Since he did, Michael Smith's extended term sentence is unauthorized and illegal. So would you call it void or voidable? I'm sorry? Would you call it void or voidable? I would argue that it is void. How are you using the term aggravation? I'm using the term aggravation the way it's used in the statute, Your Honor. There's paragraph A, which is sort of the standard aggravating factors that a court can use to move a sentence up within the authorized range. And then paragraph B are the specific set of factors required to impose an extended term sentence. And in this case, the trial court relied on factors in paragraph A to impose an extended term sentence under paragraph B without making a finding as to any of the required factors in paragraph B. Well, assuming that's the case, for the sake of argument, assuming that's the case, the State, I think, contends that, okay, but it's not properly raised in the petition. And Mr. Smith cannot raise it now for the first time on appeal. That's the State's argument, correct? That seems to be the State's argument. That's correct. And what seems to be your answer? My answer is that Mr. Smith did, in fact, raise his claim in his petition. He did not articulate it, perhaps, as cleanly as it was in the briefs. But he specifically mentioned that he complained about his extended term sentence, and he also specifically complained about the verrugal and heinous factor element, as he may have called it. And it was a first-stage petition written by a pro se petitioner. And when literally construed, he absolutely stated enough in order for this claim to be raised on appeal. Again, he complained about the extended term sentence and the verrugal and heinous factor. And on appeal, we argued that the extended term sentence was unauthorized because none of the other factors apply. The only one that could in this case is verrugal and heinous, but the court did not make a finding of exceptionally verrugal and heinous in this case. And that is more than sufficient in this petition to raise this claim on appeal. Let's assume we didn't buy that argument. Okay. Given the fact that one may interpret the briefs as saying, yes, the extended term portion of the sentence did not comply with the statutory requirements, now what do we do if he did not properly raise it in his petition? Even if he did not properly raise it in his petition, this court has the authority to reduce the sentence. First of all, as I stated previously, that portion of the sentence is void under Thompson. The state says that that argument is no longer tenable under Casselberry, however, the state does not argue or cite any authority that says that Casselberry overruled Thompson. Indeed, in the arguments in Casselberry, the state was not asking to overrule Thompson. The Supreme Court in Casselberry did not say that it was overruling people versus Thompson. It said we don't have void sentences anymore. It said hereby abolished. That's a statement that means going forward. And in one way, the Supreme Court has explained the rules for retroactivity in people versus Mickey Smith and Morris, going back to Flowers when they adopted the Teague versus Lane framework. And when we go through that analysis, as I did in my briefs, Casselberry applies to cases on direct appeal only. It does not apply retroactively to cases on collateral review, such as this case. And for that reason, Mr. Smith is still able to take advantage of the void sentence rule under People v. Arna and through Thompson, which says that the extended term portion of his sentence is void and can be raised at any time. What's the heinous factor? Do they think the only thing in the record was a stun gun use? That's correct, Your Honor. Michael Smith contends that there's nothing in the record that would allow a court to make a finding of exceptionally brutal and heinous. And again, the trial court was very specific in his findings of fact and his finding of factors in aggravation and specifically chose not to make that finding. And without that finding, the extended term portion was unauthorized. More importantly, Your Honors, even if this court finds that Casselberry is retroactive and does apply to this case, this court still has the authority to reduce Michael Smith's sentence, particularly in a case where the state does not dispute that the unauthorized, the extended term portion is unauthorized in this case. In Casselberry, the court... Let me just stop you there. I follow you up to the point, but isn't the state saying that if Casselberry applies, the defendant cannot get relief in this appeal because he did not properly raise it in his petition? Isn't that the argument? That is the state's argument, and I would disagree with that, Your Honor. Even if Casselberry does apply and the sentence is no longer void, as explained in Casselberry, jurisdiction is the only limit on the court's power, and it's undisputed in this case that the trial court had personal and subject matter jurisdiction. Mr. Smith filed a timely notice of appeal from a final judgment, meaning this court has jurisdiction, and under Rule 615B, this court has the power to modify judgments, reduce a criminal defendant's sentence. If it's properly before the court, I think what the state is saying is under the Post-Conviction Act, the question of the sentence isn't properly before us because they don't buy your argument that he did raise it in his petition. If we took the position that it's not properly raised in the petition, it seems to me the state's argument is, and therefore, under Casselberry, we cannot consider it for the first time on appeal. Does that seem to be where we're going? That is the state's position. However, Your Honor, that is a claim of waiver or forfeiture, and the Supreme Court has said several times that waiver and forfeiture are not jurisdictional, that waiver and forfeiture are a limitation on the parties, not on the court. And again, this court has jurisdiction, and under Rule 615B, it says without any other limitations, this court has the power to modify judgments and reduce a sentence. Indeed, in Casselberry, the court explained that the court has such authority. All they said in Casselberry is that on direct appeal, the court does not have the authority to increase a defendant's sentence. But it was very clear that reviewing courts have the power to modify a judgment or reduce a defendant's sentence any time they have jurisdiction, waiver and forfeiture aside. This court has the authority to do so, and the state has not raised any compelling arguments as to why this court should not reduce Mr. Smith's illegal sentence, other than they claim it is not in the petition. But as I stated previously, he adequately stated this claim in the petition, and he asked this court to reduce his sentence. If there are no further questions, I'll reserve my time for rebuttal.  Thank you. Good morning, Your Honors. Again, to clarify the people argument, our claim is that pursuant to People v. Casselberry, pursuant to the Illinois Supreme Court's clear abolition of the void sentence rule, this claim before this court raising the defendant's brief is not properly before this court. And to clarify, we have not in any way conceded that the defendant's sentence is unauthorized or illegal. What our argument was is that the claim is not properly before this court because there are many hoops, many threshold questions that the defendant must go through before that claim can be presented on the merits. Importantly, this is at a minimum defendant's eighth collateral attack on his conviction and sentence. This is an appeal now from a denial of leave to file successive PC. It is not a first-stage petition. But the Illinois Supreme Court has made it clear in all appeals from post-conviction rulings the judgment under appeal is the ruling of the trial court assessing the merits or assessing the filability of the petition itself. In this case, the trial court ruled that the petition did not satisfy cause and practice based upon the claims that were raised therein. The defendant now, on appeal, has abandoned all of those claims. And it's not just simply me who's making the claim, it's the defendant himself in his opening brief where he specifically says on page 12 that the claims herein were not raised in the petition. It's only after we filed our brief, the defendant has now offered in his reply an alleged assertion that the claim was included in the petition in the first place. And the fact that it wasn't raised was central to the defendant's argument in his opening brief because the whole purpose of his reliance on the void sentence rule was to overcome the forfeiture that existed in the petition. As we cite in our brief, in People v. Jones, the Illinois Supreme Court made clear that the forfeiture, the failure to include the claim in the petition, is not simply a matter of convenience that this court can overcome. Instead, it is an express ruling by the Illinois Supreme Court that the appellate court does not have the authority to overcome the forfeiture because of the limitations included in the Post-Conviction Hearing Act. Instead, as the court made clear in Jones, only the Illinois Supreme Court, through the power, through the exercise of its supervisory power, its exclusive supervisory power, has the ability to overcome that ruling. Now, I recognize that that sounds like a harsh rule, but that doesn't mean that this defendant is deprived of any future remedy. Instead, what this defendant can do is that he can seek further claims of successive relief. He can make a claim that he was deprived of ineffective assistance of counsel for failing to raise his claim earlier, and if he can establish cause and prejudice, that claim may be able to go forward in the trial court in a new petition. But that's not the claim that was raised here. That's not the claim that's before this court. This court doesn't have that authority. I would stress, however, that looking through the defendant's lengthy history of litigation, you will see that in his prior petitions he has challenged his sentence, and it was rejected, either by this court in affirming their ruling to withdraw under Finley, or by the defendant himself where he chose not to challenge. If you go through the prior Finley motions, you will see that there was a discussion as to whether or not the sentence was authorized. But regardless of what that is, the question is whether or not this petition raises a claim that is properly before this court. It does not. It does not raise a constitutional claim challenging the sentence. Well, how do you treat this statement in his petition? Quote, the focal point for argument sheds an entirely different light on the subject of Smith's conviction and or sentence. Reasonable doubt of Smith's conviction comes into question, as does the circumstances surrounding the consecutive nature and extended portion of my sentence. My 100-year sentence by law is error and shouldn't have exceeded 30 years in IDOC. It sort of sounds like he's complaining about his extended sentence not being authorized by law. Well, he is, Your Honor. I don't remember seeing that petition in the petition, but if that's what it says, then it would seem to be an allegation to challenging the sentence. But importantly, this is a post-condition proceeding, which is limited to constitutional claims. And so the defendant has to raise a constitutional claim to support that. He does not. He doesn't allege ineffective assistance for failing to challenge a sentence. He did not seek, either below or more importantly here, an argument establishing cause and prejudice as to why he couldn't have raised that before. He faults us for failing to address the merits of his claim when he ignores all of the threshold steps that must be taken to even get to the merits of the claim. And so the threshold here is establishing cause and prejudice why he could not have raised that claim before and how there was something external that prevented him from doing so and how he was prejudiced as a result. He makes no effort to do so, and yet it's his burden, both in the trial court and here, to do that. And it's the absence of that that shows that this court has no authority to do it. Well, would you take the same position if Castleberry had never came down? Well, Your Honor, we had been arguing with Castleberry Point for years. That was a position that we've been taking in this case, that the void sentence rule is adapted within ARNA, was best understood pursuant to Davis as void versus voidable. So if it's voidable, what then? If it's voidable, it is subject to all the rules of forfeiture and preservation that exist, which require the defendant to satisfy the cause and prejudice in this particular case. If, admittedly, Your Honor, though, if Castleberry had not come down, we would have made the argument, but we also would have recognized that under the statute, it may not have been authorized. I can't get to that because we didn't address the merits in this case, because we're not at the merits yet. It may not have been. There is case law from the 1980s, pre-Apprendi, that the failure of a judge to make a specific finding of brutal inhibition does not deprive the court the ability to do that, which is what the defendant's argument is here. The facts in this case could certainly be considered brutal and heinous when you actually look at what the facts are of the defendant breaking into the victim's house in the middle of the night, standing over her while she's sleeping, forcibly raping her, tying her up, gagging her, then after leaving, when she thinks she's safe, coming back in, threatening her again, threatening her and using a stun gun upon her. Those, I think, could very seriously be considered brutal and heinous within the discretion of the judge. At the time of this trial where it was pre-Apprendi, it was well within the authority of the judge to make that finding. Now in 2016, 15 years after Apprendi, it is no longer the authority of the judge to make it. So these are all factors that have to be considered after the case is properly pled and presented through the proper channels. But raising it here for the first time on appeal, in an appeal from the denial of leave to file, the eighth at least successive petition, is not proper. And so under Castleberry, it's no longer void. That cannot be disputed, no matter what my co-counsel says. It is not void. Whether or not it was authorized is a question that could be litigated in a future petition, but it wasn't here. And he's no longer, importantly, he is not claiming at this point that the trial court erred in denying the petition and said he's seeking relief independent of that. Which he would have been able to do prior to Castleberry being filed. Yes. The brief at the time that this was filed, pre-Castleberry, although it was a month after the arguments were held in Castleberry, pre-Castleberry, and I just want to stress that it was the State Appellate Defender that brought the Castleberry appeal to the Supreme Court. The brief at the time it was filed properly asserted the void judgment rule. The Illinois Supreme Court has since abolished it, meaning that it is not within the power of the appellate court to grant relief pursuant to the void judgment rule. It is not a question of retroactivity. It's a question of whether or not this court has the power to do something that the Supreme Court has said you do not. That's where the flaw in his argument is. It is not a question of whether or not a sentence unauthorized by statute is improper. It's not a question of whether or not a sentence can be challenged through the ordinary means of preservation and by post-conviction. It is simply a question of what is the power of the appellate court to address that. So you're saying that under Castleberry, the appellate court has no authority to address a sentence unauthorized by law that is before the court on collateral review? No, Your Honor. I didn't say no authority. What I said was it was restricted by the rules of preservation and forfeiture. So if this claim is properly before the court and the defendant establishes cause and prejudice, which he has not in this case, this court could address that, could remand it back for a hearing on the post-conviction, finding that the denial of leave was improper. In a direct appeal, it has the power under Rule 615 for plain error. It has that power. But what it doesn't have, and what Castleberry makes clear, is to be able to excuse that forfeiture, to be able to go around it and just address it directly by saying that it's unauthorized. And that's the import of the abolition of the void sentence rule. It's for that reason that we would ask this court to affirm the uncontested finding by the trial judge that the defendant failed to establish cause and prejudice and denied leave to file a successive PC and to reject defendant's arguments. Thank you. Thank you. Mr. Mundt. Just a few brief points, Your Honors. The state referred to Peeble v. Jones in saying that the Supreme Court said the appellate court does not have the authority to excuse forfeiture. Jones did not involve a claim of an illegal sentence. Indeed, because at that time the void sentence rule existed, so by definition anything in Jones, something not included in a petition could not be raised later, would not include any claims that a sentence was void or illegal because you could just raise them as a void sentence under Arna or Thompson. Again, in this case, at the time Mr. Smith filed his petition, Arna and Thompson were good law and said that his sentence was void and could be attacked at any time. And for that reason, his claim is properly before this court, arguing that his sentence is void. And again, in Cassidary, the Supreme Court made it clear that this court has the authority under Rule 615B to modify a judgment or reduce a defendant's sentence as long as there is jurisdiction and that this court has jurisdiction. For these reasons, Your Honor, Mr. Smith asked this court to vacate the extended portion of the sentence and reduce it to the maximum not extended term. Thank you. Let me ask you something. As I understood your brief, you're saying the maximum relief was the maximum non-extended term consecutive. Correct. We're not challenging the correctness of the consecutive sentences. Okay. So we're asking for 30 plus 30. Consecutive. Yes. Thank you. Thank you. Thank you all very much. Court is adjourned. We'll take this matter under advisement. Thank you.